UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CATHERINE E. DAVIS,

                Plaintiff,　　　　　　　　**MEMORANDUM AND ORDER**
                                                                     10-CV-3812 (KAM)
    -against-

NYC DEPARTMENT OF EDUCATION,
LISA LINDER,

                Defendants.
----------------------------------------------------------X

**MATSUMOTO**, United States District Judge:

        *Pro se* plaintiff, Catherine E. Davis, brings this action against defendants alleging violations of the Americans with Disabilities Act ("ADA"). (Doc. No. 1, Compl.) Plaintiff moves for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. No. 2, Request to Proceed *In Forma Pauperis* ("Decl.").) For the reasons that follow, plaintiff's request to proceed *in forma pauperis* is denied, and she is directed to pay the statutory filing fee of $350 within ten (10) days of the date of this Order in order to proceed with this action.

        The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their

true net worth.'" *Hobbs v. County of Westchester, et al.*, No. 00-CV-8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *See DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010); *Maccaro v. New York City Health & Hosp. Corp.*, No. 07-CV-1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007).

The financial declaration form that plaintiff has submitted does not satisfy the court that she is unable to pay the court's $350 filing fee to commence this action. Instead, plaintiff's declaration establishes that she has sufficient resources to pay the filing fee. For example, plaintiff's financial declaration states that she is presently employed by the New York City Department of Education, earning a yearly salary of $65,000.00. (Decl. ¶ 1.) Plaintiff's monthly salary is $3,000.00 and she pays $760.00 per month for rent and $100.00 a month in support payments. (*Id.* ¶¶ 3, 6, 7.) Plaintiff's declaration establishes that she has sufficient resources to pay the $350 filing fee, and her request to proceed IFP is denied.

Accordingly, plaintiff must pay the $350 filing fee within ten (10) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for ten (10) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 27, 2010
Brooklyn, New York

/s/
**KIYO A. MATSUMOTO**
United States District Judge